# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>Petitioner,<br><br>v.<br><br>DWIGHT NEVEN, et al.,<br><br>Respondents. | Case No. 2:24-cv-00351-RFB-BNW<br><br>**ORDER** |

Joseph Antonetti has filed a Motion for Appointment of Counsel in his 28 U.S.C. § 2254 habeas corpus action. ECF No. 15. As discussed below, the Court grants the Motion.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Antonetti is in custody in Idaho and states in his motion for counsel that he is having difficulty accessing Nevada legal forms, law or assistance. ECF No. 15. Respondents oppose the motion and attach declarations from the Nevada Department of Corrections (NDOC) Program Officer and Interstate Compact Coordinator and the Idaho Department of Correction (IDOC) Interstate Move Coordinator. ECF Nos. 16-1, 16-2. The NDOC coordinator states generally that when inmates transfer to facilities out of state under the Interstate Corrections Compact their

1  personal legal paperwork travels with them. ECF No. 16-1. The IDOC coordinator states generally
2  that she facilitates the transfer of inmate records and legal materials. ECF No. 16-2. She states that
3  IDOC inmates can order writing supplies through the commissary, that indigent inmates receive
4  necessary writing supplies, and that IDOC coordinates with Nevada to ensure inmates have access
5  to legal materials, statutes, and caselaw from their home state.

6  With his reply to the opposition, Antonetti includes several grievance forms that he
7  submitted to IDOC in which he complains that property, including legal material, that was in his
8  possession was taken when he was placed in segregation. See ECF No. 17 at 9. The response
9  indicates that the property was confiscated and stored because Antonetti was placed in segregation.

10  Antonetti is incarcerated out of state, and the Court is concerned about the alleged lack of
11  access to his legal materials. He is also serving a lengthy sentence for an attempted murder
12  conviction. Notably, Respondents only set forth the general procedures governing inmates' access
13  to legal materials; they provide no declarations specific to Antonetti's access to his legal materials
14  and case files. So the Court concludes that in order to ensure due process, counsel is warranted
15  under these circumstances. The motion is granted.

16  **IT THEREFORE ORDERED** that Petitioner's Motion to Appoint Counsel **(ECF No.**
17  **15)** is **GRANTED**.

18  **IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada
19  (FPD) is appointed to represent Petitioner.

20  **IT IS FURTHER ORDERED** that the Clerk electronically serve the FPD a copy of this
21  order, together with a copy of the petition for writ of habeas corpus. ECF No. 4. The FPD has 30
22  days from the date of entry of this order to file a notice of appearance or to indicate to the Court
23  its inability to represent petitioner in these proceedings.

24  **IT IS FURTHER ORDERED** that after counsel has appeared for Petitioner in this case,
25  the Court will issue a scheduling order, which will, among other things, set a deadline for the filing
26  of an amended petition.
27  ///
28  ///

**IT IS FURTHER ORDERED** that Respondents' Motion for Briefing Schedule (ECF No. 18) is **DENIED** as moot. The Court will issue a briefing schedule for an amended petition and response after counsel for Petitioner enters a notice of appearance in this case.

**DATED:** <u>October 31, 2025</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**