# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>  Petitioner,<br><br>v.<br><br>DWIGHT NEVEN, et al.,<br><br>  Respondents. | Case No. 2:24-cv-00351-RFB-BNW<br><br>**ORDER** |

The Order follows the Court's prior order granting Petitioner Joseph Antonetti's Motion for Appointment of Counsel (ECF No. 19) and the Federal Public Defender's Notice of Conflict (ECF No. 20).

**IT IS HEREBY ORDERED** that the following panel attorney is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) & (c), *nunc pro tunc* to November 6, 2025:

> Greg S. Silvey
> P.O. Box 5501
> Boise, ID 83705
> (208) 286-7400
> greg@idahoappeals.com

Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that Petitioner will have 90 days from entry of this order to file an amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner remains responsible, at all times, for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be

1   dismissed as untimely if it violates the statute of limitations. See Sossa v. Diaz, 729 F.3d 1225,
2   1235 (9th Cir. 2013).

3   **IT IS FURTHER ORDERED** that Respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

4   **IT IS FURTHER ORDERED** that any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

5   **IT IS FURTHER ORDERED** that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

6   **IT IS FURTHER ORDERED** that Respondents must file the state court exhibits relevant to their response in chronological order.

7   **IT IS FURTHER ORDERED** that all state court records, and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be

filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

**IT IS FURTHER ORDERED** that notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

**DATED:** November 10, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**